# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 5,** : : : : | **CIVIL ACTION NO. 1:07-CV-1150** : **(Judge Conner)** : |
| **Plaintiff** : | |
| v. : : | |
| **INTER-STATE TILE & MANTEL CO, INC.,** : : : | |
| **Defendant** : | |

## ORDER

AND NOW, this 18th day of May, 2010, upon consideration of the report of the magistrate judge (Doc. 69), to which objections were filed, (see Doc. 70), recommending that judgment be entered on behalf of plaintiff International Union of Bricklayers and Allied Craftworkers, Local 5 ("Local 5"), and specifying the amount of judgment due under the collective bargaining agreement, and, following an independent review of the record, it appearing that the collective bargaining agreement governing the above-captioned dispute required defendant Inter-State Tile & Mantel Company, Incorporated ("Inter-State") to "make retro-active pay adjustments to employees and make the Union whole for all monies owing for required health and welfare contributions, including pensions, and to otherwise comply with the terms and conditions of the Local 5 Agreement," (Doc. 70, Ex. B at 19), that Inter-State did not meet its obligation to make the required fund contributions to the union, (see Doc. 65, Ex. B; Doc. 68 at 1-2), that an "arbitrator's award is not, as a rule, open to remand," Teamsters Union Local No. 115 v. DeSoto,

Inc., 725 F.2d 931, 940 (3d Cir. 1984), but that ambiguities in the method of calculating "make-whole" relief may require remand to the arbitrator, see Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327, 332 (3d Cir. 1991); Hart v. Overseas Nat'l Airways, Inc., 541 F.2d 386, 391 (3d Cir. 1976), and it further appearing that there is no ambiguity with respect to the method of calculating the amounts which Inter-State must contribute under the collective bargaining agreement to each of the various union funds,[1] (see Doc. 69 at 10-15), and that Inter-

---

[1] According to the unambiguous language of the arbitral award, Inter-State bore an unqualified obligation to contribute to the union benefit funds identified within the Local 5 collective bargaining agreement. (See Doc. 70, Ex. B at 19.) Thus, the method of calculating "make-whole" relief turns on the appropriate contribution rates governing each of the funds. In order to ascertain the appropriate contribution rates, the magistrate judge conducted a conference with counsel and accepted submission of contribution calculations and argument. (See Doc. 69 at 10-11; see also Docs. 60, 62, 65, 68.) Initially, disagreement arose concerning the contribution amounts due under the International Pension Fund. (See Doc. 69 at 13-14; see also Doc. 65, Ex. B ¶¶ 11-15.) Local 5 eventually acknowledged, however, that the contribution rate suggested by Inter-State—which was the lowest applicable rate—was appropriate. (See Doc. 68 at 2-4.) As the magistrate judge recognized, "the question of the appropriate contribution rate[] might have provided grounds for a remand," but "any latent ambiguity regarding the appropriate hourly rate to apply has already been resolved in favor of Inter-State by Local 5's concession that the lowest applicable hourly rate should be used in calculating these damages." (Doc. 69 at 21.) Inter-State does not object to this particular finding, and it is therefore not the subject of a collateral dispute, see Pittsburgh Metro Area Postal Workers' Union, AFL-CIO v. United States Postal Serv., Civ. A. No. 07-0781, 2008 WL 1775502, at *10 (W.D. Pa. Apr. 16, 2008) (explaining that "where an arbitral award generates a collateral dispute about its scope and application," remand may be appropriate (quoting Teamsters Local 312 v. Matlack, 118 F.3d 985, 990 (3d Cir. 1997))). Furthermore, because the parties agree on the appropriate contribution formula, the number of hours worked, and the hourly contribution rate, the court's task in calculating the amounts due is purely ministerial. (See Doc. 69 at 16-17; see also Hart v. Overseas Nat'l Airways, Inc., 541 F.2d 386, 391 (3d Cir. 1976) (explaining that courts may enforce the damages portion of an arbitral award if it simply calls for a ministerial calculation). Inter-State nonetheless argues that Local 5 employees were at all relevant times provided with medical insurance, and no claims were paid by the Health and

State did not raise its mitigation of damages defense before the arbitrator, that the arbitrator's award is silent on the issue of mitigation, that the arbitral award need not require mitigation of damages, see Pa. Nurses Ass'n, Local 729 v. John F. Kennedy Med. Ctr., 247 F. Supp. 2d 665, 676 (E.D. Pa. 2003), and that Inter-State's mitigation of damages defense—which it has not heretofore raised—is untimely proffered, (see Doc. 69 at 22-25); Pittsburgh Metro Area Postal Workers' Union v. United States Postal Serv., Civ. A. No. 95-1706, 1997 U.S. Dist. LEXIS 12582, at *30 (W.D. Pa. May 12, 1997); see also Teamsters, Chauffeurs, Salesdrivers & Helpers, Local Union No. 330 v. Elgin Eby-Brown, 670 F. Supp. 1393, 1398 (N.D. Ill. 1987) (explaining that the "failure to present the [mitigation] issue and evidence" during the arbitration hearing waives the right to present the arguments at a later proceeding), and recognizing that the magistrate judge has recommended that liquidated damages and interest be assessed pursuant to Section 3 of the collective bargaining agreement, (see Doc. 69 at 33), and that the total amount of liquidated

---

Welfare Fund; thus, there is no need to pay into the funds to make the union whole. (See Doc. 70 at 12.) However, the clear language of the arbitral award does not permit Inter-State to forgo its responsibility to pay into the union funds by making payments to non-fund entities, and the court rejects Inter-State's attempt to procure a remedy that is different in kind from that ordered by the arbitrator.

damages and interest is ministerially calculable under this section,[2] it is hereby

ORDERED that:

1. The report and recommendation (Doc. 69) of the magistrate judge is ADOPTED.

2. Local 5's motion (Doc. 60) to enforce judgment and liquidate the judgment is GRANTED as follows:

    a. The total amount due the Health and Welfare Fund is $1,011.130.63.

    b. The total amount due the International Pension Fund is $557,139.45.

    c. The total amount due the International Masonry Institute is $108,556.37.

    d. The total amount of liquidated damages due the fund is $83,841.32.

    e. The total amount of interest due the fund is $749,336.90.

3. Local 5's motion (Doc. 52) to enforce judgment and to appoint a special court-appointed master/trustee and to hold defendant in contempt pursuant to Federal Rule of Civil Procedure 70 is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Inter-State argues that it should be exempted from paying liquidated damages and interest because imposition of each "would result in a manifest injustice." (Doc. 70 at 17.) Specifically, Inter-State contends that prior to arbitration, it had a "good faith argument that the traveling contractors clause did not apply to it," and after the arbitral award was issued, its noncompliance "did not result from any animus or ill will towards the Union but stemmed from following the imprudent advice of prior counsel." (Id. at 17.) Neither of these explanations warrants remand for ambiguity. See Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327, 334 (3d Cir. 1991) (stating that a court may examine the face of the arbitral award and objectively ascertainable facts in order to determine whether remand for ambiguity is appropriate).